JAMES HENNESSY v. THADDEUS F. STEWART.

*Book account.    Contract.    Deposition.*

If one hire out his minor son to another for a specified time and price, and before the expiration of that time, the son against his father's will, but by the employer's consent, voluntarily leave the latter's service, the father can not recover of the employer in an action of book account for his son's labor for the whole time contracted for, but only for such period as he actually worked.

H. was notified to be present at the taking of a deposition in behalf of an adverse party, at one o'clock, P. M., and was present at the appointed time and place, and after waiting there till three o'clock he left, there being no appearance, and the magistrate having informed him that the time of taking the deposition had expired, and he discharged his attorney whom he had employed to be present on that occasion.   The attorney of the other party, who desired to take the deposition, did not arrive at the appointed place till about half-past three o'clock, but before three o'clock he telegraped to the magistrate to adjourn the taking of the deposition till five o'clock, but this dispatch was not received by the magistrate till after H. had left his office.   Upon the arrival of the attorney of the other party, he notified H. that the taking of the deposition had been adjourned till five o'clock, and requested him to attend at the magistrate's office at that time, which he declined to do.   At five o'clock the magistrate entered an adjournment of the taking of the deposition from one o'clock till that time, and took the deposition, H. not being present; *Held,* that the deposition was not admissible in evidence.

BOOK ACCOUNT.   The only dispute in this case was in regard to one item in the plaintiff's account for the services of his son, Thomas, in the employment of the defendant, and one in that of the defendant for money paid to Thomas by the defendant.   In regard to these items, it appeared from the auditor's report that in March,

1855, the defendant hired of the plaintiff the latter's minor son Thomas, to labor for the defendant upon his farm for eight months and a half, at eleven dollars per month; that in pursuance of this contract Thomas worked for the defendant from the 19th of March, 1855, till the 15th of October, following, when, by the defendant's consent, but without the knowledge or consent of the plaintiff, and against his will, he left the defendant's service. At the time the plaintiff and the defendant made the contract, in March, 1855, the former notified the latter not to pay Thomas any money on account of his wages, without the plaintiff's consent, but the defendant claimed that Thomas was authorized by the plaintiff to receive the money paid to Thomas by him, and which constitutes the disputed item in the defendant's account.

To show that Thomas had such authority, the defendant offered in evidence before the auditor, the deposition of Thomas himself. The plaintiff offered parol evidence to show the falsity of the magistrate's certificate upon this deposition that the plaintiff was notified of and did attend at its taking, and from such evidence the auditor found that the plaintiff was duly notified to appear at the taking of the deposition before Joseph French, a justice of the peace, at his dwelling house in Amsterdam, in the State of New York, on the 27th day of October, 1857, at one o'clock, P. M.; that on the appointed day the plaintiff saw the justice at his house in Amsterdam, at one o'clock, P. M., and also at three o'clock, P. M., and was ready to proceed to take the deposition, but no one appeared for the defendant, and at three o'clock that afternoon the magistrate gave the plaintiff a written certificate that the time for taking the deposition had expired.

On the same day, the defendant's counsel, Jeremiah French, Esq., was on his way to attend the taking of said deposition, but finding himself delayed by reason of an unusual storm, on his arrival at Schenectady, and some time before three o'clock of that afternoon, he telegraphed the magistrate to continue the time of taking the deposition till five o'clock of the same day. The defendant's counsel arrived at Amsterdam about half past three o'clock that afternoon, and there saw the plaintiff and informed him that the taking of the deposition was continued till five o'clock, and requested him to be present at the magistrate's office

at that time, which the plaintiff declined to do. After the arrival of the defendant's counsel the magistrate entered upon the back of the notice to take the deposition, a minute that at the request of the defendant's attorney he continued the taking of the deposition at one o'clock P. M., to five o'clock P. M. of that day, at the same place as before appointed. Previous to one o'clock P. M. of that day, the plaintiff had employed an attorney at Amsterdam to act as his counsel at the taking of the deposition, but at three o'clock he settled with his attorney and discharged him. At five o'clock of that afternoon the magistrate proceeded to take the deposition. The attorney who had been employed by the plaintiff was present during part of the taking of the deposition, and participated in the examination of the witness, adversely to the defendant, but the auditor found that he was not authorized by the plaintiff to appear for him on that occasion, and that he himself disclaimed to act as the plaintiff's counsel. The plaintiff objected to the admission of this deposition as evidence, but the auditor admitted it, and from the evidence contained in it, found that Thomas was authorized by the plaintiff to receive of the defendant the money paid him by the latter, amounting to twenty-three dollars.

The auditor allowed the plaintiff for the actual time that his son labored for the defendant, being six months and eleven days, at the stipulated price of eleven dollars per month,

| | |
|---|---|
| amounting to | $70.66 |
| Also for labor by the plaintiff for the defendant (about which there was no dispute), | 2.50 |
| | $73.16. |
| 'The auditor also allowed the defendant's account (including the $23 paid to Thomas), at | $70.63, |

leaving a balance due the plaintiff of two dollars and fifty-three cents and interest.

In case the court should be of the opinion that the plaintiff was entitled to recover the stipulated price for his son's labor for the whole term of eight months and a half, for which the contract was made, deducting lost time, the auditor found that there should be allowed to the plaintiff, in addition to the above named balance, the further sum of eighteen dollars and forty-one cents.

The plaintiff excepted to the auditor's report because it did not allow the plaintiff the contract price for his son's labor for the whole time contracted for, and also because the deposition of Thomas Hennesy, from which alone the auditor found the plaintiff's consent to the payment of the twenty-three dollars by the defendant to Thomas, was inadmissible, and therefore that item of the defendant's account should have been disallowed. But the county court, at the March Term, 1858,—BENNETT, J., presiding,—rendered judgment for the plaintiff upon the report, for two dollars and fifty-three cents and interest, to which the plaintiff excepted.

*George F. Edmunds*, for the plaintiff.

*E. R. Hard* and *J. French*, for the defendant.

PIERPOINT, J. It is insisted on the part of the plaintiff, that he should have been allowed for the entire eight and a half months labor contracted to be performed by his minor son, at the contract price of eleven dollars per month, although his son actually labored for the defendant only six months and eleven days. It appears from the report of the auditor, that after the son had worked for the defendant six months and eleven days, he left the defendant's service, with the defendant's knowledge and consent, and without the knowledge or consent of the plaintiff and against his will.

The auditor allowed the plaintiff for all the time his son labored for the defendant, and disallowed the balance. We think there was no error in this. It is clear, that in this form of action, all the plaintiff is entitled to recover upon the facts found by the auditor, is the contract price for the services actually performed. It does not appear from the report that the defendant in any manner violated the agreement; he did not turn the plaintiff's son away, or in any way prevent the performance of the labor, and the completion of the contract; he did nothing to induce the son to leave his service; he acquiesced in his going, nothing more. Even if there had been a breach of the contract on the part of

the defendant, that would have. made him liable to the plaintiff for the damage incurred by the latter, but we think the action on book is not the proper remedy for the recovery of such damages.

It appears from the report of the auditor, that he allowed twenty-three dollars of the defendant's account, in consequence of the testimony of Thomas Hennessy contained in his deposition, which was taken on the 27th day of October, 1857. It is claimed on the part of the plaintiff, that the deposition of the said Thomas was not admissible, and that the twenty-three dollars should not have been allowed.

We think this exception is well taken. It appears that the plaintiff was duly notified to appear at the taking of the deposition of the said Thomas, before Joseph French, a justice of the peace, at his dwelling house in Amsterdam, in the State of New York, on the 27th day of October, 1857, at one o'clock P. M. At the time and place named, the plaintiff appeared with his attorney to attend the taking of the deposition; the magistrate was present, but no person appeared on the part of the defendant. After waiting until three o'clock he again went to the place, when he was informed by the magistrate that the time for taking the deposition had expired, and the magistrate gave him a writing to that effect; he then paid and discharged his attorney, and left. It appears that the attorney of the defendant, who was then on his way to the place of taking the deposition, was delayed, and he telegraphed to the magistrate to continue the taking of the deposition until five o'clock P. M., but we think the fair inference to be drawn from the report is, that the telegraph was not received by the magistrate until after three o'clock, and after he had informed the plaintiff that the proceeding was at an end, and that at that time there had not been any continuance of the time of taking the testimony. When the plaintiff afterwards met the attorney for the defendant, who told him that the proceeding was adjourned until five o'clock, he supposed he knew that the statement was not correct, and disregarded it. We think he was justified in so doing, for it seems to be apparent that at that time there had not been any adjournment of the proceeding. The entry of an adjournment was subsequently made, as appears from

the report. This notice did not emanate from the justice, and we think can not be regarded as a notice of an adjournment, that the party was under any legal obligation to regard, or as an original notice to take the deposition at five o'clock.

Judgment reversed and case remanded.